**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HUGO CORTEZ-PEREZ, AKA Hugo
Cortes-Perez, AKA Hugo Cortez, AKA
Hugo Perez-Cortez,

          Petitioner,

  v.

ROBERT M. WILKINSON, Acting
Attorney General,

          Respondent.

No.   16-73409

Agency No. A088-659-507

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021[**]

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Hugo Cortez-Perez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Cortez-Perez does not raise any challenge to the agency's dispositive determination that his asylum application was time-barred and that he failed to establish any changed or extraordinary circumstances to excuse the untimely filing. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, Cortez-Perez's asylum claim fails.

Cortez-Perez also does not raise any challenge to the agency's determination that the harm he experienced in Mexico did not rise to the level of persecution. *See id*. Substantial evidence supports the agency's determination that Cortez-Perez did not establish a clear probability of future persecution in Mexico. *See Lanza v. Ashcroft*, 389 F.3d 917, 934-35 (9th Cir. 2004) (no clear probability of future persecution). Thus, Cortez-Perez's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Cortez-Perez did not establish that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

16-73409

As stated in the court's November 22, 2016 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED**.